IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMIE BADER, JEFFREY MIKULA<br>          Plaintiffs, for themselves and<br>          others similarly situated, | |
| v. | Complaint – Class & Collective Actions |
| WILLIAM (BJ) WERZYN, and WEST<br>SHORE WINDOW & DOOR, INC., d/b/a<br>West Shore Home,<br>          Defendants. | Civil Action No. |

## **COMPLAINT**

The Plaintiffs, Jamie Bader, Jeffrey Mikula, and others who may join, by and through their undersigned legal counsel, on behalf of themselves and others similarly situated, file this Complaint for collective and class action wage and hour claims under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the Pennsylvania Minimum Wage Act ("PMWA"), 43 Pa.C.S.A. § 333.101 *et seq.*, and the Pa. Wage Payment Collection Law ("PWCL"), 43 Pa.C.S.A. § 260.1 *et seq.* and aver as follows.

## I.    Parties

1.  Plaintiff Jamie Bader is an individual who, at all relevant times regarding the events in this case, resided in the Pittsburgh, PA area, with a present address of 5705 Glen Hill Drive, Bethel Park, PA  15102.

2.  Plaintiff Jeffrey Mikula is an individual who, at all relevant times regarding the events in this case, resided in the Pittsburgh, PA area, with a present address of 535 Upper Road, Pittsburgh, PA 15228.

3.  Defendant William (BJ) Werzyn is the owner and Chief Executive Officer of Defendant West Shore Home, with a residence believed to be in central Pennsylvania.

4.  Defendant West Shore Window & Door, Inc., d/b/a West Shore Home ("West Shore Home" or "Defendant") is a home remodeling company specializing in window replacement, bathroom remodeling, and door replacements, with a headquarters at 5024 Simpson Ferry Road, Mechanicsburg, PA 17050, and a local office at 140 Pennsylvania Avenue, Building 4, Oakmont, PA 15139.

## II.  Jurisdiction and Venue

5.  This Court has jurisdiction over the subject matter under 28 U.S.C. § 1331 based on the federal statutory claims raised here and supplemental jurisdiction under 28 U.S.C. § 1367 of the related state law claims raised here.

6.  Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because the events and omissions giving rise to the claims here occurred in this judicial district.

## III.  Factual Background

7.  Defendant West Shore Home, at all relevant times, employed and continues to employ well in excess of 50 employees across several states, including Pennsylvania, Georgia, and North Carolina.

8.  Defendant West Shore Home, at all relevant times, has had revenues in excess of $500,000 per year and/or purchased goods and materials from out-of-state in excess of $50,000 per year.

9.  At all times relevant to the events in this Complaint, Defendant has been an enterprise engaged in activities affecting interstate commerce, pursuant to 29 U.S.C §202 of the Fair Labor Standards Act.

10.  Defendant Werzyn has at all times pertinent to the events involved in this Complaint been the sole owner and Chief Executive Officer of Defendant West Shore Home.

11.  Plaintiff Bader was hired by Defendant West Shore Home in September 2017 in the position first as trainee for and then as Field Sales Manager, based in West Shore Home's Oakmont, Pennsylvania facility, in which position she stayed until her employment ended in April 2018.

12.  Plaintiff Mikula was hired by Defendant West Shore Home on May 2, 2017 in the position first as trainee for and then as Field Sales Manager, based in West Shore Home's Oakmont, Pennsylvania facility.

13.  After a few months, Plaintiff Mikula was promoted to the position of In-Home Sales Representative/Design Consultant, where he started as a trainee for the In-Home Sales Representative/Design Consultant position on October 10, 2017, assigned to a training program expected to last two to three weeks.

14.  Two weeks later, on October 24, 2017, during his training program, Defendant West Shore Home separated Plaintiff Mikula from its employment.

15.  Defendant West Shore Home and Mr. Werzyn classified various employees, including Plaintiffs, as exempt from (that is not entitled to) overtime pay (these individuals are referred to below as "overtime exempt employees").

16. Defendants paid their overtime exempt employees a salary, including Plaintiffs.

17. Defendants provided its overtime exempt employees, including Plaintiffs, Company credit cards for payment of business expenses incurred by these employees ("Company Credit Cards"), such that the employees were to charge business expenses to the Company Credit Card and Defendant West Shore Home would then pay the bills for these Company Credit Cards.

18. Defendant West Shore Home had a rule, policy, practice, and/or communications applicable to its overtime exempt employees that if they charged an expense to a Company Credit Card but failed to provide a receipt for the expense, the amount of that expense would be deducted from the involved employee's salary (i.e., their pay).

19. Defendant West Shore Home's above described policy and communications regarding receipts for expenses charged to the Company was made known and communicated to the Company's employees, including its overtime exempt employees such as Plaintiffs.

20. Defendant West Shore Home threatened to deduct from or reduce the salary of overtime exempt employees' salary payments, including Plaintiffs, for charged expenses that lacked a receipt.

21. The threatened salary deduction does not comply with the salary basis requirements for exempt employees under the federal Fair Labor Standards Act or the Pennsylvania Minimum Wage Act.

22. Plaintiffs lack specific knowledge of whether Defendant West Shore Home has made the threatened salary deduction from any exempt employee's pay but based upon the threat to do so aver and believe that such deduction has occurred.

23.  Plaintiffs and other similarly situated employees of Defendants, did not qualify for overtime exemption status during their time as trainees for the Field Sales Manager, In-Home Sales Representative/Design Consultant position, and/or other trainee positions that they held.

24.  Plaintiffs, along with other similarly-situated exempt employees of Defendants have not been given pay for overtime hours at any time relevant to this Complaint (e.g., for the last three years or more).

25.  Plaintiffs, along with other similarly-situated exempt employees worked overtime hours—that is more than forty hours—in a workweek on a regular basis throughout employment with Defendants in positions classified by Defendant West Shore Home as exempt from overtime pay.

26.  Defendants were aware that Plaintiffs and other similarly situated exempt employees worked beyond 40 hours a week on a regular basis in their position classified by Defendant West Shore Home as exempt from overtime pay.

27.  Defendants have never given any additional pay for overtime hours worked to Plaintiffs or other similarly situated employees it classified as exempt from overtime pay.

28.  Defendants failed to maintain hours worked records for Plaintiffs and other similarly situated employees that Defendant West Shore Home classified as exempt from overtime pay.

29.  Plaintiffs and other similarly situated employees of Defendants worked over forty hours per week as trainees for the Field Sales Manager, In-Home Sales Representative/Design Consultant, and/or other positions.

30.  Defendants were aware that Plaintiffs and other similarly situated exempt employees worked beyond 40 hours a week on a regular basis as trainees for the Field Sales Manager, In-Home Sales Representative/Design Consultant, and/or other positions.

31.  Defendants did not give overtime pay to Plaintiffs and other similarly situated employees while they worked as trainees for the Field Sales Manager, In-Home Sales Representative/Design Consultant, and/or other positions.

32.  Defendants failed to maintain hours worked records for Plaintiffs and other similarly situated employees while they worked as trainees for the Field Sales Manager, In-Home Sales Representative/Design Consultant, and/or other positions.

## IV.  Collective/Class Action Statement

33.  This is a hybrid putative collective/class action pursuant to 29 U.S.C.§ 216(b), and Pennsylvania Rule of Civil Procedure 1701 *et seq*.

34.  There are two classes and collective groups involved in this litigation—one involving improper or non-compliant salary basis, and the other involving failure to pay overtime to trainees for positions, that during the training program, did not qualify for exempt status.

35.  The.  proposed definition of the class and collective action for the first group—the Non-Compliant Salary Basis Group—is all persons who (i) were employed and classified by Defendant West Shore Home as exempt from overtime pay (ii) but were covered by the policy, rule, practice, and/or communication that their pay was subject to deduction for failure to provide receipts for any expenses charged to the Company Credit Cards (iii) at any time during the applicable limitations period (3 years under the FLSA and PWCL, with no stated limitations

period included in the PMWA) and (iv) who worked over forty hours in any workweek in such positions.

36.  The proposed definition of the class and collection action for the second group—the Trainee Group—is all persons who (i) were employed by Defendant West Shore Home as trainees for positions classified as exempt from overtime pay, (ii) but who during their time as trainees did not qualify for overtime exemption status, and (iii) were not paid overtime pay despite working over forty hours in a week as a trainee.

37.  Members of the class and collective action in both groups are so numerous that joinder of all members is impractical, as Plaintiff estimates that the class groups include about sixty or more employees (the "Class").

38.  There are questions of fact and law common to all members of the Class groups: all members of both Class groups worked overtime, were classified as exempt from overtime pay by Defendant West Shore Home so as to not be paid overtime pay, were paid a salary, with the Non-Complaint Salary Basis Group subject to the rule, policy, practice and/or communications of a deduction from their salary for expenses charged to the Company without a receipt, while the Trainees did not meet the job duties test for exemption status; and, all members of the Class/Collective groups were denied proper overtime compensation that should have been paid to them by Defendant West Shore Home or Defendant Werzyn.

39.  Questions of fact and law common to the Class/Collective groups predominate over any questions affecting only individual members.

40.  One common question of law and fact (for the Non-Complaint Salary Basis Group) is whether Defendant West Shore Home failed to comply with federal and/or state wage and hour requirements for paying on a salary basis as required for employees to be classified as exempt from overtime pay, specifically through its policy, rule, practice, and/or communication that it would impose a deduction from these employees' salaries for expenses charged to the Company without a receipt.  The predominant issue to be determined in this regard is whether Defendant West Shore Home's methods of communicating to exempt employees that they would be subject to this deduction complied with the pay requirements of the FLSA, PMWA and PWCL.

41.  Another common question of law and fact (for the Trainee Group) is whether Defendant West Shore Home failed to comply with federal and/or state wage and hour requirements for paying overtime when it classified trainees for the jobs of Field Sales Manager, In-Home Sales Representative/Design Consultant, and/or other positions as exempt from overtime pay when they were not yet performing the duties that might qualify them for overtime exemption status.

42.  The claims of the named Plaintiffs are representative of those of the class and collective action members as they were subject to and communicated the same policy by Defendant West Shore Home regarding salary deductions as the other exempt employees and was classified by Defendant West Shore Home as exempt from overtime pay but not paid overtime, and were not paid overtime pay while working as a trainee prior to performing the

duties of the position to which the trainee position led, while working overtime (over forty hours per week) regularly in both categories.

43.   The defenses of the Defendants are anticipated to be similar for all class and collective action members as those classified as exempt from overtime pay were communicated the same policy regarding being subject to a non-compliant deduction from salary and those classified as trainees were classified as exempt from overtime despite not yet qualifying as exempt as their time in training did not have them performing the duties that might qualify for overtime exemption status, as also described above.

44.   Prosecuting this case as a collective/class action will promote judicial efficiency and will best protect the interests of the Class members because this case presents straightforward questions of law and fact about whether Defendant West Shore Home complied with the overtime, pay deduction, and record keeping provisions of the PMWA, the PWCL, and the federal FLSA.

45.   There are no conflicts of interest among the Class members, nor do Plaintiffs have any conflict of interest with any member of the Class.

46.   Plaintiffs will fairly and adequately represent the interests of the Class. Plaintiffs have retained competent and experienced counsel, and Plaintiffs are motivated to represent the Class.

47.   Counsel for Plaintiffs and the Class are experienced in the field of wage and hour, as well as employment law, and will fairly and competently represent the interests of the Class.

48.  Plaintiffs' claims are typical of the Class, as Plaintiffs were classified as overtime exempt employees and were subject to the rule, policy, practice and or communication of a deduction from their salary for expenses charged to the Company Credit Cards without a receipt or denied overtime pay as a trainee, so as to be entitled to but who did not receive proper overtime compensation pursuant to federal and/or state law.

49.  The remedial approach is common for Plaintiffs and all class and collective action members—namely, a declaratory judgment, injunction against further violations, payment of overtime and other remedies (e.g., costs, attorneys' fees, prejudgment interest)—so as to fairly and adequately protect the interests of the class and collective action.

50.  A collective/class action provides a fair and efficient method for adjudication of this controversy.

51.  Prosecuting this case as individual actions would create a risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for the party opposing the Class.

52.  A collective/class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

53.  Members of the Class have no interest in individually controlling the prosecution of these claims, as the issues presented in this case are best determined on a group-wide basis.

54.  This is an appropriate forum in which to litigate these claims as Plaintiffs worked in south-western Pennsylvania, along with many others.

55.  This collective/class action presents straightforward questions of law and therefore will not be difficult to manage.

56.  Plaintiffs and all other putative Class members are "similarly situated" as that term is defined under the FLSA.

## V.  Causes of Action

### Count I – Overtime Pay – FLSA – Non-Compliant Salary Basis
### Individual and Collective Action

57.      Plaintiffs and all other similarly situated employees incorporate by reference all the preceding paragraphs of this Complaint as if set forth here at length.

58.      Plaintiffs and all other similarly situated employees of Defendants West Shore Home and Mr. Werzyn were or are employees of Defendants within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

59.      Both Defendants are and were at all relevant times an employer within the meaning of the FLSA.

60.      Plaintiffs and all other similarly situated employees were classified as exempt by Defendants.

61.      Defendant West Shore Home's policy, rule, practice, and/or communication of a threatened deduction from its exempt employee's salary for expenses charged to the Company without a receipt was not compliant with the salary basis requirements of the FLSA.

62.      Plaintiffs and all other similarly situated employees have regularly or often worked more than forty hours per week for Defendants.

63.     Defendants have not paid proper overtime compensation to Plaintiffs and all other similarly situated employees for work of more than forty hours in many workweeks.

64.     Defendants have not maintained records of time worked by Plaintiffs and all other similarly situated employees it classified as overtime exempt.

65.     Defendants' failure to pay overtime to and maintain a record of hours worked by Plaintiffs and all other similarly situated employees has violated and continues to violate the FLSA.

66.     For at least the past three years, Defendants' violations of the FLSA are knowing, willful, and in reckless disregard of the FLSA's overtime and record keeping requirements.

67.     Plaintiffs and all other similarly situated employees of Defendants are entitled to recover from Defendants the overtime pay improperly withheld by Defendants, plus interest, attorneys' fees, and costs.

68.  Plaintiffs and all other similarly situated employees of Defendant West Shore Home are also entitled to recover liquidated damages under 29 U.S.C. §§ 207(a) & 216(b).

69.  Plaintiffs and all other similarly situated employees of Defendants are also entitled to recover from Defendant Werzyn all the above damages and remedies (overtime pay improperly withheld, interest, attorneys' fees, costs, and liquidated damages) to the extent Defendant West Shore Home does not satisfy the judgment obtained in this suit.

THEREFORE, Plaintiffs and all other similarly situated employees respectfully request this Honorable Court to declare Defendants' actions regarding the employees, including Plaintiffs, that it classified as exempt from overtime pay as non-compliant with the FLSA and regulations thereunder; to issue an injunction against Defendants' continued/future violation of the FLSA regarding these employees; to award back overtime pay improperly withheld, interest, attorneys' fees, costs, liquidated damages, and all other appropriate relief to Plaintiff Mikula and all other similarly situated collective group members.

## Count II – Overtime Pay – FLSA – Trainees

### Individual and Collective Action

70.    Plaintiffs and all other similarly situated employees incorporate by reference all the preceding paragraphs of this Complaint as if set forth here at length.

71.    Plaintiffs and all other similarly situated employees were classified as exempt by Defendants during the time they held a trainee position, such as but not limited to a trainee for the Field Sales Manager and/or the In-Home Sales Representative/Design Consultant.

72.    Trainees    for    Defendant    West    Shore    Home's    In-Home    Sales Representative/Design Consultant  and other trainee positions, when going through training and learning the job duties and Defendant's approach, were not performing the job duties that qualify for overtime exemption status under the FLSA.

73.    For example, trainees for Defendant West Shore Home's Field Sales Managers, such as Plaintiffs Bader and Mikula, were not supervising employees in a meaningful way that might qualify for overtime exemption under the executive category.  Similarly, trainees for In-

Home Sales Representative/Design Consultant, such as Plaintiff Mikula, during their time as trainees, were not performing the outside sales work that might qualify for overtime exemption under the outside sales person category.

74.    Plaintiffs and all other similarly situated employees, as trainees, have regularly or often worked more than forty hours per week for Defendants.

75.    Defendants have not paid proper overtime compensation to trainees such as Plaintiffs and all other similarly situated employees for work of more than forty hours in a workweek.

76.    Defendants have not maintained records of time worked by Plaintiffs and all other similarly situated trainee employees it improperly classified as overtime exempt.

77.    Defendants' failure to pay overtime to and maintain a record of hours worked by Plaintiffs and all other similarly situated employees, as trainees, has violated and continues to violate the FLSA.

78.    For at least the past three years, Defendants' violations of the FLSA are knowing, willful, and in reckless disregard of the FLSA's overtime and record keeping requirements.

79.    Plaintiffs and all other similarly situated employees of Defendants are entitled to recover from Defendants the overtime pay improperly withheld by Defendants, plus interest, attorneys' fees, and costs.

80.    Plaintiffs and all other similarly situated employees of Defendant West Shore Home are also entitled to recover liquidated damages under 29 U.S.C. §§ 207(a) & 216(b).

81.     Plaintiffs and all other similarly situated employees of Defendants are also entitled to recover from Defendant Werzyn all the above damages and remedies (overtime pay improperly withheld, interest, attorneys' fees, costs, and liquidated damages) to the extent Defendant West Shore Home does not satisfy the judgment obtained in this suit.

THEREFORE, Plaintiffs and all other similarly situated employees respectfully request this Honorable Court to declare that the Defendants' employees, including Plaintiffs and others similarly situated, while in trainee positions did not meeting an overtime exemption category under the FLSA and regulations thereunder; to issue an injunction against Defendants' continued/future violation of the FLSA regarding these employees; to award back overtime pay improperly withheld, interest, attorneys' fees, costs, liquidated damages, and all other appropriate relief to Plaintiffs and all other similarly situated collective group members.

### Count III – Overtime Pay – PMWA - Non-Compliant Salary Basis
### Individual and Class Action

82.     Plaintiffs and all other similarly situated employees incorporate by reference all the preceding paragraphs of this Complaint as if set forth here at length.

83.     Plaintiffs and all other similarly situated employees of Defendants are employees of the Company within the meaning of the Pennsylvania Minimum Wage Act ("PMWA"), 43 Pa.C.S.A. § 333.101 *et seq.*

84.     Defendant West Shore Home is an employer within the meaning of the PMWA.

85.     Plaintiffs and all other similarly situated employees were classified as exempt by Defendants.

86.     Defendant West Shore Home's policy, rule, practice, and/or communication of a threatened deduction from its exempt employee's salary for expenses charged to the Company without a receipt was not compliant with the salary basis requirements of the PMWA.

87.     Plaintiffs and all other similarly situated employees have regularly or often worked more than forty hours per week for Defendants.

88.     Defendant West Shore Home has not paid proper overtime compensation to Plaintiffs and all other similarly situated employees for work of more than forty hours in many workweeks.

89.     Defendant West Shore Home has not maintained records of time worked by Plaintiffs and all other similarly situated employees it classified as overtime exempt.

90.     Defendant West Shore Home's failure to pay overtime to Plaintiffs and similarly situated employees violates the PMWA.

91.     Defendant West Shore Home's failure to maintain accurate records of time worked for Plaintiffs and similarly situated employees violates the PMWA.

92. Plaintiffs and similarly situated employees of Defendant West Shore Home are entitled to recover from Defendants the overtime pay improperly withheld by Defendant West Shore Home, for the past three years, plus interest, attorneys' fees, and costs pursuant to the PMWA.

THEREFORE, Plaintiffs respectfully request this Honorable Court to declare Defendants' actions regarding the employees, including Plaintiffs, that it classified as exempt from overtime pay as non-compliant with the PMWA and regulations thereunder; to issue an injunction against Defendants' continued/future violation of the PMWA regarding these employees; award back overtime pay improperly withheld, interest, attorneys' fees, costs, liquidated damages, fines, and all other appropriate relief to Plaintiffs and all other similarly situated class members.

### Count IV – Unpaid Wages – PWCL - Trainees
### Individual and Class Action

93.    Plaintiffs and all other similarly situated employees incorporate by reference all the preceding paragraphs of this Complaint as if set forth here at length.

94.    Plaintiffs and all other similarly situated employees were classified as exempt by Defendants during the time they held a trainee position, such as but not limited to as trainee for the Field Sales Manager and/or the In-Home Sales Representative/Design Consultant.

95.    Trainees for Defendant West Shore Home's Field Sales Manager, In-Home Sales Representative/Design Consultant, and other trainee positions, when going through training to learn Defendant's approach to those jobs, were not performing the job duties that qualify for overtime exemption status under the PMWA.

96.    For example, trainees for Defendant West Shore Home's Field Sales Managers, such as Plaintiffs Bader and Mikula, were not supervising employees in a meaningful way that might qualify for overtime exemption under the executive category.  Similarly, trainees for In-

Home Sales Representative/Design Consultant, such as Plaintiff Mikula, during their time as trainees, were not performing the outside sales work that might qualify for overtime exemption under the outside sales person category.

97.    Plaintiffs and all other similarly situated employees, as trainees, have regularly or often worked more than forty hours per week for Defendants.

98.    Defendants have not paid proper overtime compensation to Plaintiffs and all other similarly situated employees for work of more than forty hours in a workweek when employed as trainees.

99.    Defendants have not maintained records of time worked by Plaintiffs and all other similarly situated trainee employees Defendant West Shore Home improperly classified as overtime exempt.

100.    Defendants' failure to pay overtime to and maintain a record of hours worked by Plaintiffs and all other similarly situated employees, as trainees, has violated and continues to violate the PMWA.

101.    Plaintiffs and all other similarly situated employees of Defendants are entitled to recover from Defendants, under the PMWA, the overtime pay improperly withheld by Defendants, plus interest, attorneys' fees, and costs.

102.    Plaintiffs and all other similarly situated employees of Defendants are also entitled to recover from Defendant Werzyn all the above damages and remedies (overtime pay improperly withheld, interest, attorneys' fees, costs, and liquidated damages) to the extent Defendant West Shore Home does not satisfy the judgment obtained in this suit.

THEREFORE, Plaintiffs respectfully request this Honorable Court to declare that the Defendants' employees, including Plaintiffs and others similarly situated, while in trainee positions did not satisfy an overtime exemption category under the PMWA and regulations thereunder; to issue an injunction against Defendants' continued/future violation of the PMWA regarding these employees; award back overtime pay improperly withheld, interest, attorneys' fees, costs, liquidated damages, fines, and all other appropriate relief to Plaintiffs and all other similarly situated Class members.

## Count V – Unpaid Wages and Threatened or Actual Improper Deductions – PWCL
### Individual and Class Action

103.    Plaintiffs and all other similarly situated employees incorporate by reference the preceding paragraphs of this Complaint.

104.    Defendant West Shore Home is and was at all relevant times an employer as defined in the Pennsylvania Wage Payment & Collection Law ("PWCL"), 43 P.S. §260.2a.

105.    Defendant Werzyn is and at all relevant times was an officer and/or agent of the Defendant West Shore Home and as such is also liable for Defendant West Shore Home's pay liabilities under the PWCL.

106.    Defendant West Shore Home lacked written employee authorizations for payroll deductions for charged expenses lacking receipts.

107.    Defendant West Shore Home's threatening to deduct and/or deduction from pay of employees lacking receipts for charged expenses did not fall into any of the permissible

categories of pay deductions authorized by regulation of the Pennsylvania Department of Labor & Industry.

108.    As such, Defendant West Shore Home's threatened and/or action deduction from pay of employees lacking receipts for charged expenses violated the PWCL, 43 P.S. §260.3.

THEREFORE, Plaintiffs respectfully requests this Honorable Court to declare Defendants' actions regarding the employees, including Plaintiffs, as non-compliant with the PWCL and regulations thereunder; to issue an injunction against Defendants' continued/future violation of the PWCL regarding these employees; award back overtime pay improperly withheld, interest, attorneys' fees, costs, liquidated damages, and all other appropriate relief to Plaintiffs and all other similarly situated class members.

## VI.  Miscellaneous

109.    Plaintiffs and all other similarly situated employees seek combined damages well in excess of $75,000.

## VII.  Jury Demand

110.    The Plaintiffs demand a trial by jury on all issues so triable.

Respectfully submitted,

By: */s/ Craig M. Brooks*
    Craig M. Brooks
    Pa. Attorney I.D. #33513
    HOUSTON HARBAUGH, P.C.
    Three Gateway Center, 22nd Floor

401 Liberty Avenue
Pittsburgh, PA 15222
(412) 281-5060

Dated: May 10, 2019     Attorney for Plaintiffs and similarly situated
employees

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing *Complaint* was served this 10th day of May 2019 on the following by e-mail and regular U.S. mail, postage prepaid, and e-mail, addressed to:

Thomas G. Collins, Esq.
Sunshine J. Thomas, Esq.
Buchanan, Ingersoll & Rooney PC
409 North Second Street, Suite 500
Harrisburg, PA 17101

(Counsel for Defendant)

*/s/ Craig M. Brooks*
Craig M. Brooks